THOMAS SHERMAN *vs.* J. W. BISHOP COMPANY.

PROVIDENCE—MAY 11, 1901.

PRESENT : Stiness, C. J., Tillinghast and·Rogers, JJ.

(1)  *Negligence.    New Trial.    Special Findings.    Verdicts.*

A special finding that two loads were not hoisted at the same time on the same side of a derrick, with a second finding that the tagsman signalled the engineer to start the second load while ·the first was being hoisted are not contradictory, as the last finding, while it covers two loads at the same time, does not state that they were on the same side.

(2)  *Negligence.*

Plaintiff, a servant of defendant, was injured by the falling of a derrick, which fall was due either to inherent weakness, improper ballasting, or from violation of defendant's order not to hoist two loads at same time on same side of derrick.    The jury found against this last cause.    The

evidence tended to show that there was no visible weakness of derrick, but that accident might have been caused by a change of ballast :—

*Held,* that the verdict for plaintiff was not against the evidence.

(3) *New Trial. Verdicts.*

Where there is evidence sufficient to sustain the verdict, and no indication that the amount awarded was enhanced by any unfair judgment, an improper statement by plaintiff's counsel as to injuries outside the case is not cause for new trial.

TRESPASS ON THE CASE for negligence brought by the plaintiff against the defendant corporation, alleging that while in the employ of the defendant corporation he was severely and permanently injured by the fall of a derrick which was negligently maintained and used by the defendant. The defence was that the derrick was properly erected and maintained, and that its fall was caused by the negligence of fellow-workmen of the plaintiff in causing two loads to be hoisted on the same side of the derrick at the same time, in disobedience to instructions received from the defendant. The jury returned a verdict for the plaintiff, assessing damages in the sum of $2,129.50, and also returned special findings, as follows :

1st. That the derrick was not caused to fall by the hoisting of two loads at the same time on the same side.

2d. That the tagsman, Connolly, did signal the engineer to start the second load while the first load was being hoisted.

3d. That tagsman Connelly had been instructed that two loads must not be hoisted at the same time on the same side.

The defendant petitions for a new trial on the ground, among others, that the first special finding of the jury is inconsistent with and against the second special finding.

PER CURIAM. The court is unable to say from the report of the testimony that the verdict is against the evidence upon the first and second special findings of the jury.

The first finding is that two loads were not hoisted at the same time on the same side, and the second that the tagsman did signal the engineer to start the second load while the first was being hoisted. This last finding, while it covers two loads at the same time, does not state that they were on the same side, and this agrees with the defendant's testimony.

The defendant's argument is that the loads must have been on the same side, because otherwise they would act as a counterbalance and so make a fall of the derrick impossible. This is not a necessary inference, for the loads might have been on different sides and yet carried so far in the same direction as to make the weight practically upon one side of the derrick, which, for want of proper ballasting, fell in consequence of the strain upon one side so produced. The testimony warrants such a conclusion, and in view of it there is no inconsistency in the findings.

The testimony refers to a plan or model not before the court, and questions and answers refer to "here" and "there" "indicating," so that it is impossible for the court to understand the references in the testimony as to the exact position of the loads.

(2)   The verdict is not against the evidence. The derrick fell, and the fall must have been due to one of three causes: inherent weakness, or improper ballasting, for which the master would be responsible, or else from a violation of defendant's order not to hoist two loads at the same time on the same side of the derrick. This last cause is disposed of by the first special finding. The evidence tends to show that there was at least no visible weakness of the derrick; but it also tends to show that it may have been caused by the change of ballast. Indeed, this conclusion, as we have said, is warrantable, and we may add that it seems to be inevitable. The verdict was therefore not against the evidence upon the question of the defendant's liability, and no objection is made that the damages were excessive.

(3)   In view of these facts the court is of opinion that the statement made by plaintiff's counsel as to injuries outside of the case, improper as it clearly was, could not have prejudiced the defendant, since upon the testimony the plaintiff was entitled to a verdict, and there is no indication that the amount awarded was enhanced by any unfair judgment.

*Comstock & Gardner and A. S. Fuller*, for plaintiff.
*Walter B. Vincent*, for defendant.